Wtr.nE, J.,
delivered the opinion of the Court. — This case comes *77 before us on an appeal from a decree of the judge of probate for the county of Suffolk ; and the question to be determined depends on the construction of the will of Ebenezer Seaver, deceased, under which the litigating parties claim. [Here his honor recited the several clauses of the will, as above.]
After the death of the testator, the lands in Hampshire were sold by the executors, in pursuance of the will, and the debts and legacies were paid; the executors still having in their hands a surplus of the aggregate fund, consisting of the proceeds of the sale of the lands, and of the value of the personal estate, excepting the stock on the farm and the testator’s wearing apparel; one fourth part of which surplus the respondents claim, by virtue of the last provision in the will.
But the appellant contends that, by the true construction of the will, it must be understood that the intention of the testator was to charge the unimproved lands in Hampshire with the payment of his debts, in relief of his personal estate generally; and that the proceeds of the sale ought to be applied as the first fund for that purpose.
This position, however, cannot be maintained, unless it appears that such was the manifest intention of the testator. For by law the personal estate is the proper fund for the payment of debts and legacies ; and must be so applied, unless it be exempted, either by express words or by necessary implication. Such an implication is supposed to arise from the specific bequest of the personal estate to the sons; and if it were absolute, and were not controlled by any other clause in the will, the implication would appear plain and obvious. But the whole personal estate is not given to the sons ; there being an exception of such parts thereof as had * not been before disposed of. The disposition thus referred to is probably to be found in the first clause of the will; whereby the personal estate, with the exception of the stock on the farm, is made subject, as we understand the will, to the payment of debts and legacies.
The reason given for charging the lands is, that the debts may be paid, if possible, without disposing of the stock on the farm. This plainly indicates an intention to exonerate the stock, and the stock only. No other reasonable construction can be given to this part of the will. For if the testator’s meaning had been to charge the lands in the first place, and that the personal estate was to go to his sons, should the funds arising from the sale of the lands be sufficient to discharge the debts and legacies, there could have been no difficulty in expressing such an intention distinctly and clearly; as by expressly charging the lands to that extent, or by directing *78 them to be sold at all events for the payment of debts, or by substituting the words personal estate for stock on the farm.
But no such intention is to be collected from any part of the will. The testator appears to have understood that his personal estate was liable for the payment of debts, and that it might be insufficient without including the stock, which he was desirous of preserving for the use of the farm. It being, however, uncertain what might be the amount of his debts, he provides for all probable contingencies. If the personal estate should be more than sufficient for the payment of debts and legacies, the surplus was to go to his sons; and if not sufficient, the fund arising from the sale of the land was to be applied, so far as might be necessary, to malee up the deficiency ; and the residue was to be divided between his four children. This seems to be the natural and obvious construction of the will, and the only one which can comport with the peculiai phraseology of the clause first cited.
It has been argued that an intention inconsistent with this construction is manifested by other parts of the * will. For, as the testator intended to dispose of his whole estate, and as he made no disposition of his Hampshire lands, in case the personal estate should be sufficient to pay the debts, the inference drawn is, that it was his intention that those lands should be sold at all events, and applied to the payment of debts.
But it must be recollected that the testator seems to have apprehended that his personal estate would not be sufficient to discharge his debts; and even that the interposition of the sale of his Hampshire lands might possibly not save the stock. He might therefore well suppose that the sale of those lands would be necessary, on the construction we adopt; and, in fact, they were so. He accordingly disposed of the surplus of the proceeds of the sale, instead of devising the lands.
Supposing, however, that the construction of the will is doubtful; still the appellant ought not to prevail; it being a rule of law, that no doubtful words in a will shall have the operation of exempting the personal property from the payment of debts, and of charging them on the real estate.
This principle alone is decisive ; and will warrant the affirmance of the decree of the judge of probate.

Decree affirmed.