JEREMIAH PLIMPTON & another *vs.* WARREN FULLER & others.

*a testator devises to one person all his right, title and interest in certain real estate, which is subject to a right of dower and a mortgage given by himself to secure his promissory note, and, after various legacies of money, bequeaths to another person the residue of his personal estate, after the payment of all his just debts, legacies and charges against his estate, the mortgage debt is to be paid out of his personal estate, to the exoneration of the real estate.*

BILL IN EQUITY in the nature of a bill of interpleader, by the executors of the will of Francis W. Fuller, setting forth a copy of the testator's will, which contained the following devise:

" I give, bequeath and aevise to my father, Warren Fuller, and to my mother, Eliza B. Fuller their heirs and assigns, all

the right, title and interest which I own in the homestead now occupied by my said father, Warren Fuller, excepting that my aunts, Eliza Fuller and Hannah Fuller, are to have free and un-disturbed possession of the old house, with all the privileges they have heretofore had, except that of cutting off wood."

The will also contained various devises and legacies of money, and gave the residue of the personal estate to his wife, " after the payment of all my just debts, legacies and charges against my estate." The bill further set forth that the land described in the devise above quoted was subject to a mortgage by the testator to secure his promissory note for $1666.67, with interest payable semi-annually; that the testator paid the interest on this debt as it became due, up to the time of his death, in Jan-uary 1864; that since his death no interest had been paid; that the legacies of money amounted to $4300, and the assets, ex-clusive of specific devises and bequests, to about $5541; and praying that the several defendants, who were the widow and legatees of the testator, might be decreed to interplead, and that it might be determined by whom the mortgage debt should be paid. These facts were all admitted by the several parties who appeared as defendants.

*W. S. Leland,* for the widow and one of the legatees. There is an obvious distinction between a devise of the testator's in-terest in an estate and a devise of the estate itself, and in this particular the present case is distinguishable from *Andrews* v *Bishop*, 5 Allen, 490. In the present case, the estate owned by the testator was the equity, and the thing devised was not the estate itself, but his interest in it. This clearly includes only the equity. And the intent of the testator to this effect is fairly manifest, upon inspection of his will.

*W. Colburn,* for Warren Fuller and wife.

GRAY, J. The general rule of law, in the absence of any ex-pressed intent, is that debts contracted by the testator, although secured by mortgage, are to be paid out of his personal property to the exoneration of his real estate. *Seaver* v. *Lewis,* 14 Mass. 82. *Hewes* v. *Dehon,* 3 Gray, 205. In this case, the expressed intent accords with the general rule. The gift of the personal property

to the widow is in terms postponed to the payment of all debts, legacies and charges against the estate. In the devise of the homestead to the father, the use of the words restricting it to the testator's right, title and interest is accounted for by the outstanding right of dower in his mother, if not by a life estate in his aunts. The direction to sell other real estate has no tendency to charge this. The manifest intention of the testator was to devise to his father the homestead which had once been his, subject only to his wife's right of dower, and to the possession for life of the testator's maiden aunts. The personal property is therefore to be applied to the discharge of the mortgage.

*Decree accordingly.*